## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN CHRISTENSEN,<br><br>                    Appellant,<br><br>v.<br><br>PACIFIC ENERGY & MINING et al,<br><br>                    Appellees. | REPORT AND RECOMMENDATION ON MOTION TO DISMISS<br><br><br>Case No. 2:19-cv-00951-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

## BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 11). Before the court is Norman Oil and Gas, LLC's (Norman) Motion to Dismiss (ECF 13) (the Motion) seeking dismissal of pro se Appellant Dean H. Christensen's (Christensen) appeal from bankruptcy court (ECF 1). Having considered the relevant filings, the undersigned RECOMMENDS that the court GRANT the Motion.

On December 2, 2019, Christensen filed a notice of appeal of an order of the bankruptcy court (ECF 1). Christensen subsequently requested a 30-day extension of time to file his opening brief (ECF 10). In an order dated January 16, 2020, the court granted the extension and ordered that the deadline for Christensen to file his opening brief was February 7, 2020 (ECF 12 at 2). To date, Christensen has not filed an opening brief. On February 18, 2020, Norman filed the instant Motion requesting that the court dismiss Christensen's appeal for failure to prosecute (ECF 13 at 2). Christensen did not file any response to the Motion.

## DISCUSSION

Under Federal Rule of Bankruptcy Procedure 8020, a district court "may discipline or sanction . . . a party appearing before it for . . . failure to comply with any court order" after affording the party "reasonable notice, an opportunity to show cause to the contrary, and, if requested, a hearing." Fed. R. Bankr. P. 8020(b). On May 15, 2020, the court issued an Order to Show Cause requiring Christensen to file a response within ten days as to why the case should not be dismissed for failure to prosecute (ECF 14). The court warned Christensen that failure to file a timely response would result in a recommendation that this action be dismissed for failure to prosecute. As of today's date, Christensen has not filed a response, and the time for doing so has expired.

"Dismissal for failure to prosecute should be imposed only after careful exercise of judicial discretion." *In re Lundahl*, 109 F. App'x 384, 386 (10th Cir. 2004) (citing *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991)). This disposition is appropriate "against a party who disregards court orders and fails to proceed as required by court rules." *Id.* (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)). Here, the court has provided Christensen with reasonable notice and an opportunity to show cause for his failure to prosecute this appeal, yet he has neither responded to the Order to Show Cause nor filed his opening brief. In light of Christensen's continued failures to abide by the orders of this court, the undersigned, in its discretion, finds that the sanction of dismissal is appropriate. Accordingly, the undersigned RECOMMENDS that the court grant Norman's motion to dismiss this appeal for failure to prosecute.

**RECOMMENDATION**

In summary, IT IS HEREBY RECOMMENDED that Norman's motion to dismiss (ECF 13) be GRANTED and that this appeal be dismissed without prejudice.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 5 June 2020.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah